UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10746-GAO

NICKOYAN WALLACE,
Petitioner,

v.

STEVEN W. TOMPKINS,
Respondent.

ORDER

O'TOOLE, D.J.

On April 18, 2016, Nickoyan Wallace, an immigration detainee confined at the Suffolk County House of Correction, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has not been served so that the Court may review the pleading and determine whether it should be served. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent). For the reasons stated below, the Court denies the petition and dismisses this action.

Wallace contends that his custody is illegal because the Immigration Court does not have jurisdiction over him absent his consent. The petitioner summarizes his argument as follows:

> If the individual is not subject to any Constitutional Jurisdictions, He is also not subject to any Enactment made by any Constitutionally Created Legislature. If He is not subject to any Constitutional Jurisdictions, He is also not subject to any Jurisdiction presumed by any Constitutionally Created Executive Branch of Government. And if He is not subject to any Constitutional Jurisdictions, He is also not subject to any Jurisdiction presumed by any Constitutionally Created Judiciary.

Pet'r's Mem. Supp. Pet. (docket entry #3) at 3 (as in original). Wallace further contends that, in the absence of an individual's oath to support the "any Constitution" or to pledge himself "to certain specified performance," the government does not have jurisdiction over the individual. Id. In support of his argument, the petitioner expounds at length on the meaning of admiralty jurisdiction, the history of currency and banking in this country, the United States Constitution, and various other topics.

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Notwithstanding Wallace's exposition on jurisdiction, he has not set forth a cognizable claim that the Immigration Court is without jurisdiction over him or that his custody is otherwise in violation of federal law. Further, under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g).

Accordingly, the petition for a writ of habeas corpus is DENIED and this action is DISMISSED.

SO ORDERED.

 5/3/2016                                                            /s/ George A. O'Toole, Jr.
DATE                                                                GEORGE A. O'TOOLE, JR.
                                                                    UNITED STATES DISTRICT JUDGE