UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10746-GAO

NICKOYAN WALLACE,
Petitioner,

v.

STEVEN W. TOMPKINS,
Respondent.

ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court (1) denies the petitioner's motion to appeal in forma pauperis; and (2) denies without prejudice his motion for a certificate of appealability.

In April 2016, Nickoyan Wallace, an immigration detainee confined at the Suffolk County House of Correction, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee. He contended that his custody was illegal because the Immigration Court did not have jurisdiction over him absent his consent. In an order dated April 3, 2016, the Court dismissed the petition on the grounds that Wallace had not set forth a cognizable claim that his custody was in violation of federal law, and that the Court lacked jurisdiction over a challenge to removal proceeding.

Wallace is appealing the dismissal of his petition and seeks leave to appeal in forma pauperis. He has also filed a motion for a certificate of appealability.

Congress has dictated that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28

U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous."  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An issue is frivolous if "no reasonable person could suppose [it] to have any merit."  Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Without calling into question Wallace's subjective intentions, his appeal is without merit and therefore is not taken in good faith, within the meaning of 28 U.S.C. § 1915(a)(3).  Congress has limited judicial review of any "of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" to review of a final order of removal by a United States Court of Appeals.  8 U.S.C. § 1252(b)(9).  Wallace's petition, which challenges the immigration court's jurisdiction over the petitioner, concerns a question of law "arising from" an "action or proceeding" to remove him.  Thus, the claim Wallace brings—even when asserted in a petition for a writ of habeas corpus—cannot be heard by this Court.

Accordingly:

(1)    The motion to appeal in forma pauperis is DENIED and the Court certifies that the appeal is not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

(2)    Wallace may file a motion to appeal in forma pauperis with the First Circuit provided that he does so in accordance with Rule 24(a)(5) of the Federal Rules of Appellate Procedure.[1]

---

[1]This rule provides, in relevant part:

> A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1) [of the Federal Rules of Appellate Procedure].

      (3)    The motion for a certificate of appealability is DENIED WITHOUT PREJUDICE.  No certificate of appealability is necessary in a proceeding under 28 U.S.C. § 2241 where the detention complained of does not arise "out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A).

      (4)    The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

SO ORDERED.

| | |
|---|---|
| _6/28/2016_ | _/s/ George A. O'Toole, Jr._ |
| DATE | GEORGE A. O'TOOLE, JR. |
| | UNITED STATES DISTRICT JUDGE |

---

Fed. R. App. P. 24(a)(5).